# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN COUTURE,<br><br>                Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; CAL-WESTERN RECONVEYANCE CORP.; and DOES 1 through 50, INCLUSIVE,<br><br>                Defendants. | **CASE NO: 11-CV-1096-IEG (CAB)**<br><br>**ORDER (1) GRANTING IN PART WELLS FARGO'S MOTION TO DISMISS AND (2) REMANDING ACTION TO STATE COURT FOR FURTHER PROCEEDINGS**<br><br>[Doc. No. 3] |

    Presently before the Court is Defendant Wells Fargo Bank's motion to dismiss Plaintiff Owen Couture's complaint. This motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated below, the Court **GRANTS IN PART** the motion to dismiss and **REMANDS** this action to the California Superior Court for San Diego County.

**BACKGROUND**

    In July 2007, Plaintiff Owen Couture obtained a loan in the amount of $352,000 from Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), to purchase the real property located at 14361 Old Highway 80, El Cajon, California 92021. [Compl., Doc. No. 1-1, at ¶¶ 1, 6, 26 & Ex. A (Deed of

1

Trust).[1]]  The loan was secured by a Deed of Trust dated July 23, 2007, which identifies Defendant Wells Fargo as the lender and beneficiary, and Fidelity National Title Insurance Company as the trustee.  [*Id.*, Ex. A.]  Plaintiff alleges he was not provided various disclosures regarding the loan as mandated by federal and state law.  Wells Fargo later substituted in Cal-Western Reconveyance Corporation ("Cal-Western") as successor trustee.  [Def.'s Mot. to Dism., Doc. No. 3, at 2 & Ex. 3 (Substitution of Trustee).]

On March 12, 2010, Couture defaulted on the loan, in the amount of $19,859.26.  [Compl., ¶ 7 & Ex. B (Notice of Default).]  Couture failed to cure the default.  [Def.'s Mot., at 2; *see generally* Compl. (not alleging any attempt to cure the default).]  On June 17, 2010, Cal-Western recorded a Notice of Trustee's Sale, setting the foreclosure sale to occur on July 7, 2010.  [Compl., Ex. C (Notice of Trustee's Sale).]  Couture alleges that, in initiating the nonjudicial foreclosure sale, Defendants failed to follow the procedures required under California law.  The sale has been postponed and has not yet occurred.  [Def.'s Mot., at 2.]

On April 12, 2011, Couture filed a complaint in the California Superior Court for San Diego County, case number 37-2011-00067000-CU-OR-EC, against Defendants Wells Fargo and Cal-Western.  The complaint alleges seven causes of action: (1) violation of California Civil Code § 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of California Civil Code § 2923.6; (5) violation of California Civil Code § 1572; (6) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq.*; and (7) violation of the federal Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*  Claims one through six arise under California law and are alleged against all Defendants.  Claim seven arises under federal law and is alleged only against Cal-Western.

Defendant Wells Fargo removed this action on May 19, 2011, and filed this motion to dismiss Plaintiff's complaint seven days later.  [Doc. Nos. 1 & 3.]

///

---

[1] Plaintiff's complaint, initially filed in state court, is attached as an exhibit to Wells Fargo's Notice of Removal.  [Doc. No. 1.]  For the sake of simplicity, the Court will refer to the complaint and its exhibits directly, rather than as an attachment to the notice of removal.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted). Leave to amend should be granted unless the defect is not curable by amendment. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003).

The Court must accept all factual allegations pleaded in the complaint as true and construe them and draw all reasonable inferences in favor of the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court need not, however, accept "legal conclusions" as true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940.

**DISCUSSION**

**I.     Removal Jurisdiction**

A defendant may remove an action to federal court when the complaint "contains a cause of action that is within the original jurisdiction of the district court," whether based on federal question or diversity jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citations omitted). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*." *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to

state court." *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

While removal may be based on federal question or diversity jurisdiction, the proper treatment of a plaintiff's state law claims may shift significantly depending on the particular basis for removal. Where removal is based on federal question jurisdiction, the Court has supplemental jurisdiction over a plaintiff's related claims under state law. In such a case, when a court dismisses the plaintiff's federal claims, it has full discretion to decide whether or not to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Lacey v. Maricopa Cnty.*, ---F.3d---, 2011 WL 2276198, at *14 (9th Cir. 2011). Under those circumstances, the balance of relevant factors usually tips in favor of declining to exercise supplemental jurisdiction. *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). By contrast, "the exercise of diversity jurisdiction is not discretionary." *Brockman v. Merabank*, 40 F.3d 1013, 1017 (9th Cir. 1994) (citing *Carnegie-Mellon*, 484 U.S. at 356).

Here, Couture alleges one federal claim. Thus, at a minimum, the Court has federal question jurisdiction over that claim and supplementary jurisdiction over Couture's six related state law claims.

Wells Fargo argues that removal was also proper based on diversity jurisdiction. While Wells Fargo concedes that Cal-Western and Couture are both citizens of California, it asserts that "Cal-Western is only a nominal party to this action, whose residency is not relevant in determining complete diversity among the parties." [Def.'s Notice of Removal, ¶ 5]; *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)). Wells Fargo correctly states the law regarding nominal parties and diversity jurisdiction, but it fails to establish that Cal-Western is in fact a nominal party to this action.

Wells Fargo argues Cal-Western is a nominal party because (1) it is "merely the foreclosure trustee," and (2) "there are no substantive allegations against Cal-Western." [Def.'s Notice of Removal, ¶ 5.] However, Cal-Western's status as trustee is not itself sufficient to render Cal-Western a nominal party. *See Silva*, 2011 WL 2437514, at *5. Nor does it appear that Cal-Western filed a

1  declaration of non-monetary status under California Civil Code § 2924*l* in state court before this action
2  was removed. Where a trustee has filed an unopposed § 2924*l* declaration in state court before an
3  action's removal, district courts have treated the trustee as a nominal party and disregarded its
4  citizenship for the purposes of diversity jurisdiction.[2] *E.g.*, *Lawrence v. Aurora Loan Servs. LLC*, No.
5  09–1598, 2010 WL 449734, at *4 (E.D. Cal. Feb. 8, 2010); *Figueiredo v. Aurora Loan*, No. 09–4784,
6  2009 WL 5184472, at *1 (N.D. Cal. Dec. 22, 2009); *Delgado v. Bank of Am. Corp.*, No. 09–1638,
7  2009 WL 4163525, at *4–5 (E.D. Cal. Nov. 23, 2009). Finally, Couture's complaint makes
8  substantive allegations and asserts claims for money damages against Cal-Western. [*See generally*
9  Compl., ¶¶ 11-71.] Indeed, Couture asserts his TILA claim—his sole federal cause of action—against
10 Cal-Western only. [*Id.* ¶¶ 66-71; Def.'s Mot. to Dism., at 20 ("[Couture's TILA claim] is only directed
11 at Cal-Western and not at Wells Fargo.").]

12      Because Wells Fargo has failed to show that Cal-Western is a nominal defendant, the Court
13 must consider Cal-Western's California citizenship for the purpose of diversity jurisdiction. Cal-
14 Western and Couture are not diverse, and the Court does not have diversity jurisdiction over Couture's
15 state law claims.[3]

---

[2] Where a trustee under a deed of trust has been named in an action solely in its capacity as trustee, § 2924*l* allows the trustee to file a declaration of "non-monetary status." If no one opposes the declaration within fifteen days, then the trustee is not required to participate and is not subject to damages or costs awarded in the action. Cal. Civ. Code § 2924*l*. District courts in California are divided over whether a trustee may seek status as a nominal party by filing a § 2924*l* declaration in federal court. *Compare, e.g.*, *Tran v. Washington Mut. Bank*, No. Civ. S-09-3277, 2010 WL 520878, at *1 (E.D. Cal. Feb.11, 2010) ("California Civil Code § 2924*l* is a state procedural rule, and not state substantive law. Accordingly, nonmonetary status may not be granted in federal court.") (citation omitted), *with, e.g.*, *Pinales v. Quality Loan Serv. Corp.*, No. 09cv1884 L(AJB), 2010 WL 3749427, at *1 n.1 (S.D. Cal. Sept. 22, 2010) (treating a defendant as a nominal party after it filed a § 2924*l* declaration in federal court). But the Court is aware of no such disagreement over the treatment of trustees that file § 2924*l* declarations in state court prior to removal for the purposes of diversity jurisdiction.

[3] Having already established that there is no diversity jurisdiction in this case, the Court need not decide whether Wells Fargo is diverse from Couture—a murky jurisdictional issue. Wells Fargo, a national banking association, is chartered and maintains its main office in South Dakota. [Notice of Removal, ¶ 5.] However, "Wells Fargo . . . has regularly described its principal place of business as San Francisco, California." *Mount v. Wells Fargo Bank, N.A.,* No. 08–6298, 2008 WL 5046286, at *1, *3 (C.D. Cal. Nov. 24, 2008) (citing cases). It remains unsettled whether, for the purposes of diversity jurisdiction, a national bank is a citizen solely of the state listed on its articles of association as its main office or of both that state and the state of its principal place of business.

     The Supreme Court recently clarified that a national bank is a citizen of "the State designated in its articles of association as its main office," but not every state in which it has a branch. *Wachovia*

## II.     Plaintiff's Claim Under the Federal Truth in Lending Act

Couture alleges Cal-Western violated TILA, 15 U.S.C. §§ 1601 *et seq.*, by failing to disclose (1) certain finance charges and (2) Couture's right to rescind under TILA's "buyer's remorse" provision. Couture's claims related to both allegations are time barred.

TILA has two applicable limitations periods. First, a plaintiff must bring an action for damages under TILA within one year of the alleged violation. 15 U.S.C. § 1640(e). A TILA " violation occurs upon consummation of the loan." *Conder v. Home Sav. of Am.*, 680 F. Supp. 2d 1168, 1172 (C.D. Cal. 2010) (citing *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986)). "A loan is deemed consummated at 'the time that a consumer becomes contractually obligated on a credit transaction.'" *Id.* at 1172-73 (quoting 12 C.F.R. § 226.2(a)(13)).

Second, TILA requires "a creditor [to] deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1). If the creditor provides such notice, TILA's "buyer's remorse" provision allows the borrower three business days to rescind the loan without penalty. 15 U.S.C. § 1635(a). But if the creditor fails to deliver the notice and required disclosures, TILA permits the borrower to rescind the loan within three years of "the 'consummation of the transaction or upon the sale of the property, whichever occurs first.'" *King*, 784 F.2d at 913 (quoting 15 U.S.C. § 1635(f)); 12 C.F.R. § 226.23(a)(3).

Here, the loan transaction was executed on July 18, 2007. Thus, Couture's claim for damages expired on July 18, 2008, and his right of rescission expired on July 18, 2010. But Couture did not initiate this action until April 12, 2011—well outside of the time permitted for TILA claims. Because it is time barred, Couture's TILA claim against Cal-Western is **DISMISSED WITH PREJUDICE**.

---

*Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). But, the Supreme Court declined to decide whether a national banking association, like a corporation, is also a citizen of the state of its principal place of business. *See id.* at 315-17 & nn. 8 & 9. The Ninth Circuit has not addressed this question directly, and district courts in this Circuit are divided on the issue. *See Peralta v. Countrywide Home Loans, Inc.*, 375 Fed. Appx. 784, 785 (9th Cir. Apr. 15, 2010) (expressly "declin[ing] to resolve the complex jurisdictional issue of a national bank's citizenship"); *compare, e.g.*, *Saberi v. Wells Fargo Home Mortg.*, No. 10CV1985 DMS (BGS), 2011 WL 197860, at *3 (S.D. Cal. Jan. 20, 2011) (holding that a national bank is "a citizen of both the state in which it has designated its main office and the state where it has its principal place of business"); *with, e.g.*, *Silva v. Wells Fargo Bank, N.A.*, No. CV 11–3200, 2011 WL 2437514, at *2 (C.D. Cal. June 16, 2011) ("[A] national banking association is a citizen only of the state in which its 'main office' is located.").

### III. Plaintiff's Claims Under California Law

As discussed above, removal was only proper because federal question jurisdiction existed over Couture's TILA claim and supplemental jurisdiction existed over Couture's state law claims. Because the Court has dismissed Couture's sole claim under federal law, its decision of whether to exercise supplemental jurisdiction over the remaining state law claims "is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, ---U.S.---, 129 S. Ct. 1862, 1866 (2009). When deciding whether to exercise supplemental jurisdiction, the Court considers judicial economy, convenience and fairness to litigants, and comity with state courts. *See Acri*, 114 F.3d at 1001 (citations omitted). Where federal claims have been dismissed, the balance of factors usually favors declining to exercise jurisdiction over the state law claims. *Id*.

Couture's complaint raises seven causes of action, the remaining six of which arise out of California law. At least two of the three parties in this action are citizens of California. The preponderance of state law issues and the common citizenship of the parties indicate that a state court is the proper venue for this action. Moreover, as it is early in this litigation, maintaining this action in federal court will not achieve significant judicial economy. Accordingly, the Court declines to exercise supplemental jurisdiction over Couture's state law claims.

### CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** Defendant Wells Fargo's motion to dismiss. Plaintiff's TILA claim is **DISMISSED WITH PREJUDICE**. The Court **REMANDS** Plaintiff's state law claims and this action to the California Superior Court for San Diego County.

**IT IS SO ORDERED.**

**DATED:** 8/9/11

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**